QUINCE, J., dissenting.
I cannot agree with the majority's finding that the Hurst error in this case was harmless beyond a reasonable doubt. As I *1201 have stated previously, "[b]ecause Hurst 'requires a jury, not a judge, to find each fact necessary to impose a sentence of death,' the error cannot be harmless where such a factual determination was not made." Hall v. State , 212 So.3d 1001, 1036-37 (Fla. 2017) (Quince, J., concurring in part and dissenting in part) (quoting Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 619, 193 L.Ed.2d 504 (2016) ); see also Truehill v. State , 211 So.3d 930, 961-62 (Fla. 2017) (Quince, J., concurring in part and dissenting in part). While the trial court here found the heinous, atrocious, or cruel (HAC) aggravator proven, this aggravator requires a factual determination that can only be made by the jury. Therefore, I dissent.